**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY RYAN, M.D., | No. 18-55253 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:17-cv-05752-R-RAO |
| BRANT PUTNAM, M.D.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted September 11, 2019
Pasadena, California

Before:  OWENS, R. NELSON, and MILLER, Circuit Judges.

Plaintiff Timothy Ryan, a doctor at Harbor-UCLA hospital, alleges that he discovered fraudulent conduct at the hospital and eventually reported that misconduct to law enforcement authorities.  As alleged in the complaint, doctors at the hospital retaliated with an adverse employment action, initiating disciplinary proceedings, voting to revoke his staff privileges, and giving him notice of intent to

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

suspend, all of which affected his ability to secure future employment. Dr. Ryan sues under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment. The district court dismissed his claim at the pleading stage, holding that the doctors were entitled to qualified immunity. We reverse.

"To be 'clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "To determine whether a constitutional right has been clearly established for qualified immunity purposes, we must survey the legal landscape and examine those cases that are most like the instant case." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (internal quotation marks omitted). We review de novo a determination that government officials are entitled to qualified immunity. *Ass'n for L.A. Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). In doing so, we accept all "factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

An adverse employment action is action "reasonably likely to deter [the plaintiff] from engaging in protected activity under the First Amendment." *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003) (internal quotation

marks and alteration omitted).  Since 2002, we have recognized that an employer's decision to initiate disciplinary proceedings against a doctor that threaten to revoke staff privileges, when combined with a negative effect on employment prospects, is enough to satisfy the "adverse employment action" requirement.  *Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 977 (9th Cir. 2002).

We find the allegations here sufficiently similar to *Ulrich* to satisfy the clearly established prong of the qualified immunity analysis at this early stage. Construing all allegations in Dr. Ryan's favor, he has alleged that the doctors initiated disciplinary proceedings which sought to revoke his staff privileges, voted to revoke those privileges, and served him with a notice of intent to suspend.  He has also alleged that these decisions "will permanently impair [his] ability to seek and secure employment" in the future.  Accordingly, qualified immunity is not warranted at this stage.

**REVERSED AND REMANDED.**